UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Jackson,

               Plaintiff,      Case No. 18-cv-10214

v.                                     Judith E. Levy
                                     United States District Judge

Commissioner of Social Security,

                                     Mag. Judge Stephanie Dawkins
               Defendant.   Davis

_____/

# ORDER ADOPTING REPORT AND RECOMMENDATION [16]

Plaintiff Justin Jackson appeals his denial of Supplemental Security Income ("SSI") benefits. Before the Court is Magistrate Judge Stephanie Dawkins Davis's Report and Recommendation ("R&R") recommending the Court deny plaintiff's motion for summary judgment (Dkt. 12) and grant defendant's motion for summary judgment (Dkt. 15). Plaintiff filed one timely objection (Dkt. 17), and defendant replied to plaintiff's objection (Dkt. 18). For the reasons set forth below, plaintiff's objection is overruled, and the R&R is adopted in full.

    I.      **Background**

Plaintiff was awarded SSI benefits as a child, but upon redetermination at age 18, he was denied continuation of benefits as an adult. (Tr. at 69.) The Administrative Law Judge ("ALJ") determined that plaintiff did not have an impairment or combination or impairments that met the adult listings at step three of the five-step analysis. (Tr. at 14.) At step five, the ALJ determined that plaintiff

> had the residual functional capacity ["RFC"] to perform a full range of work at all exertional levels but with the following non-exertional limitations: no concentrated exposure to environmental irritants; no exposure to unprotected heights; work is limited to simple, routine, and repetitive tasks with only occasional interaction with the public and coworkers; no climbing of ladders, ropes, or scaffolds; and no concentrated exposure to excessive noise.

(Tr. at 16.) Since this RFC permitted plaintiff to work a significant number of jobs available in the national economy, benefits were denied.

On appeal, Judge Davis determined that the ALJ's analysis was correct and supported by substantial evidence. Plaintiff now objects and argues that ALJ's RFC determination at Step Five was supported by substantial evidence.

## II. Legal Standard

Parties are required to make specific objections to specific errors in a magistrate judge's report and recommendation rather than restate arguments already presented to and considered by the magistrate judge. *Funderburg v. Comm'r of Soc. Sec.*, Case No. 15-cv-10068, 2016 U.S. Dist. LEXIS 36492, at *1 (E.D. Mich. Mar. 22, 2016); *see also Coleman-Bey v. Bouchard*, 287 F. App'x 420, 421–22 (6th Cir. 2008) ("Appellant's objections merely restate his First Amendment claim, which was rejected for the reasons stated in the magistrate judge's report and recommendation."). The Court reviews proper objections to the magistrate judge's recommended disposition de novo. Fed. R. Civ. P. 72.

### III. Objection One

As stated above, plaintiff's single objection focuses on Judge Davis' upholding of the ALJ's RFC determination. Plaintiff argues "the Magistrate incorrectly found that 'The limited treatment notes in the record do not suggest that Jackson is more limited than stated in the RFC.'" (Dkt. 17 at 4.) He continues that "[a] proper assessment of Plaintiff's mental RFC would conclude that his current state prevents him from engaging in or maintaining competitive, full-time employment

of any kind because of his limited mental RFC." (*Id.*) [1] His argument is not new and is instead an improper objection restating an argument considered and rejected by Judge Davis. (*See* Dkt. 12 at 12–13.)

To the extent plaintiff highlights new evidence to support his argument regarding RFC, it is unpersuasive. An ALJ's RFC determination must be upheld if supported by substantial evidence. *See Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 168, 172–73 (6th Cir. 2016). Plaintiff points to testimony regarding his mood and irritability to support his argument that it is "impossible for Plaintiff to perform work." (Dkt. 17 at 5.) But these symptoms were appropriately considered by the ALJ. (Tr. at 17.) And in any event, his argument misses the mark. "Even if there were substantial evidence supporting a different RFC, if the ALJ's decision was within the 'zone of choice,' it must be affirmed." *Gauvreau v. Comm'r of Soc. Sec.*, No. 17-12525, 2018 U.S. Dist. LEXIS 215807, at *17 (E.D. Mich. Nov. 27, 2018). Here, plaintiff does not identify

---

[1] This statement in his objection is clearly an argument from his motion for summary judgment, in which he argued, "A proper assessment of Plaintiff's mental RFC would conclude that his current state prevents him from engaging in or maintaining competitive, full-time employment of any kind because of his limited mental RFC." (Dkt. 12 at 13.)

4

any specific factual or legal error in the R&R's conclusion that this ALJ's determination was within that zone of choice. The objection is denied.

## IV. Conclusion

Accordingly, The report and recommendation (Dkt. 16) is **ADOPTED**;

Plaintiff's motion for summary judgment (Dkt. 12) is **DENIED**;

Defendant's motion for summary judgment (Dkt. 15) is **GRANTED**; and

The findings of the Commissioner are **ADOPTED** and this case is hereby **DISMISSED**.

IT IS SO ORDERED.

Dated: March 20, 2019  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager